IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDGAR GUZMAN, | : | CIVIL ACTION NO. **1:CV-04-2527** |
| Plaintiff | : | |
| | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| P. A. LAINO, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

The Plaintiff, Edgar Guzman, an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood"), filed, *pro se*, this *Bivens*[1] action pursuant to 28 U.S.C. § 1331 on November 22, 2004, naming as Defendants three (3) individuals employed at USP-Allenwood by the Federal Bureau of Prisons ("BOP"). (Doc. 1). Plaintiff also filed motions for leave to proceed *in forma pauperis*. (Docs. 2 & 6). The Plaintiff claims that the prison medical staff denied his required medical treatment for his left knee and leg impairment and requests the Court to award him monetary damages against the Defendants in their individual capacities. (Doc. 1, attached handwritten page).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

Since the Plaintiff filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act of 1995,[2] (the "PLRA"), we reviewed the Complaint under 28 U.S.C. §1915(e)(2)(B).

We found that this action was subject to dismissal as to Defendants Warden Williamson and P.A. Bennett on all claims pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). We also determined that Plaintiff should be allowed to proceed as against Defendant P.A. Laino as to his Eighth Amendment claim. (Doc. 9).

On April 14, 2005, the District Court entered an Order in which it adopted our Report and Recommendation as modified therein. Specifically, the District Court found that the Plaintiff's exhibits attached to his complaint show that Defendant P.A. Bennett may have had knowledge of and participated in the alleged denial of medical care to the Plaintiff. (Doc. 11). Thus, Defendant Bennett was not dismissed from this case. Further, the District Court dismissed Defendant Warden Williamson without prejudice and granted Plaintiff leave to file an amended complaint by May 4, 2005, for the limited purpose of setting forth facts with respect to the alleged involvement of Defendant Warden Williamson. The District Court then remanded the case to the undersigned.

On April 22, 2005, the Plaintiff timely filed an Amended Complaint. The Plaintiff's amended pleading contains allegations as to the involvement of Defendant Warden Williamson, as well as allegations against a new Defendant, namely P.A. Holtzapple. (Doc. 13). The Plaintiff also included allegations against Defendant Laino, who was not dismissed from this case. The Plaintiff does not name or assert any personal involvement against Defendant Bennett in his

---

[2] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

2

Amended Complaint. Nor does the Plaintiff even mention Defendant Bennett in his amended pleading. However, as stated, Defendant Bennett was not dismissed from Plaintiff's original Complaint. (Doc. 11). The Plaintiff, as stated, has raised for the first time allegations against a new Defendant, *i.e.,* P.A. Holtzapple, notwithstanding the District Court's specific Order granting the Plaintiff leave to file an amended complaint for the limited purpose of alleging the personal involvement of Defendant Williamson. The Plaintiff requests that Holtzapple be added as a party Defendant in this case. (Doc. 13, p. 2).

The Plaintiff alleges that Defendant Laino and P.A. Holtzapple failed to ensure his required medical needs for his left leg were met, despite knowing full well that his leg was "rotting away." (Doc. 13, p. 1). We construe the Plaintiff as seeking to add P.A. Holtzapple as a party Defendant in place of Defendant P.A. Bennett. We shall recommend that P.A. Holtzapple be added as a Defendant and that Defendant Bennett be dismissed.

**II. Discussion.**

The District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp.

3

1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992). Additionally, a defendant's conduct must have a close causal connection to the plaintiff's injury in order for liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).

Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to liability. *See Rode,* 845 F.2d at 1208.

Named as Defendants in the Amended Complaint are the following three (3) individual employees of USP-Allenwood: Troy Williamson, Warden; P.A. Holtzapple; and P.A. Laino. (Doc. 13).

In this case, as stated, the Plaintiff alleges that Defendant Laino and P.A. Holtzapple refused to properly treat his serious leg condition. This Eighth Amendment claim against these two individuals should proceed.

The Plaintiff also alleges that Warden Williamson was involved since "Plaintiff brought to warden his serious medical needs by way of adminstiraive remedies, Troy Willimason responded, yet never pursued any methods to ensure that Plaintiff got surgery." (Doc. 13, p. 2). We do not find that the Plaintiff has sufficenlty alleged the personl involvment of Warden Williamson.

Plaintiff only states that Williamson responded to his administrative remedies and that Williamson did not make sure he had surgery. The Plaintiff does not claim that the warden refused to provide him with any treatment ordered for his physical condition by a medical treating source. The Plaintiff provides no personal involvement as to Defendant Williamson regarding his alleged denial of medical care claim other than that the warden responded to his administrative remedies and did not make sure that he (Plaintiff) got surgery. We find that Plaintiff has not sufficiently stated an Eighth Amendment claim of denial of proper medical care as against Warden Williamson.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). An inadequate medical care claim, as we have here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. *Estelle*, 429 U.S. at 104 (1976); *Unterberg v. Correctional Medical Systems, Inc.*, 799 F. Supp. 490, 494-95 (E.D. Pa. 1992). The official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "The question...is whether prison officials, acting with deliberate

5

indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843.

In order to state a viable Eighth Amendment claim, a prisoner must demonstrate that the Defendant was deliberately indifferent to his medical needs and that those needs were serious. *Estelle*, 429 U.S. at 106.

The Plaintiff does not claim that Williamson refused to give him medical treatment for his serious knee and leg condition that was ordered by a health care provider. Rather, the Plaintiff avers that Williamson did not make sure that he received surgery. We find that the Plaintiff has once again failed to allege sufficient personal involvement to proceed against the Warden in a civil rights action.

We find that, with respect to Williamson and the claim that he responded to Plaintiff's grievance but did not ensure that Plaintiff got surgery, the Plaintiff has not alleged a violation of a constitutional right. Nor does the Plaintiff claim that Williamson's mere response to his grievances had a sufficient nexus to his claimed injuries necessary for liability to attach to him. *See Martinez, supra*. Plaintiff only avers that he submitted administrative remedies to the warden regarding his serious medical needs, but he does not claim that the warden had anything to do with the actual injuries or conduct, *e.g.*, Eighth Amendment claim of denial of medical treatment for his left leg, about which he was complaining. (Doc. 13, p. 2). This does not amount to a constitutional violation by the warden.

A Defendant prison official cannot be held liable for the actions of others since the doctrine of *respondeat superior* is not an acceptable basis for civil rights liability. *See Durmer v. O'Carroll*,

991 F. 2d 64, 69 (3d Cir. 1993). Liability may only be based upon Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 547 F. 2d 1077 (3d Cir. 1976). The Supreme Court has also ruled that liability cannot be premised on the doctrine of *respondeat superior*. *Rode, supra*. As discussed, the Plaintiff does not allege sufficient personal involvement by the stated supervisory defendant (Warden) Williamson. Plaintiff does not allege that the warden played any role in any of the Eighth claims Plaintiff was raising in his grievances. Therefore, Plaintiff has not stated a cognizable *Bivens* claim against Williamson, and he should again be dismissed as a Defendant.

Moreover, the only specific allegation as to the warden is that Plaintiff submitted administrative remedies to the warden and that the warden responded to them but did not make sure that Plaintiff received surgery. The Plaintiff has not alleged a constitutional violation with respect to the warden's conduct in responding to his administrative remedies.

The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977). This very court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.). Even if the prison provides for a grievance procedure (as does the BOP)[3], violations of those procedures do not amount to a civil rights cause of action. *See Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995). *See also Ishaaq v. Compton*, 900 F. Supp. 935, 938, 940 (W.D.

---

[3]*See* 28 C.F.R. §§ 542.10, *et seq*.

Tenn. 1995) (Tennessee DOC's grievance procedures do not create any cognizable liberty interest. Inmate had no constitutional claim against prison officials that they denied his grievances since "there is no constitutional right to an effective grievance procedure").

In *Wilson v. Horn*, 971 F. Supp. 943, 947 (E. D. Pa. 1997), the Court stated:

> Prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights. *See, e.g., McGuire v. Forr,* Civ. A. No. 94-6884, 1996 WL 131130, at * 1 (E.D. Pa. March 21, 1996), *aff'd.*, 101 F.3d 691 (3d Cir. 1996); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied,* 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances. *See, e.g., Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

While the Plaintiff alleges that the warden acted improperly regarding his response to Plaintiff's administrative remedies which resulted in the failure of the prison to provide Plaintiff with surgery, as discussed above, this does not amount to a constitutional violation. Attached to his amended pleading, the Plaintiff submits a copy of the warden's response to his administrative remedy dated July 15, 2004. The warden indicates that Plaintiff was evaluated by an orthopaedic surgeon, who opined that Plaintiff required a non-operative treatment plan for his left knee injury. (Doc. 13, Exhibit 1). We find that this exhibit does not show that the warden was aware of any alleged denial of medical care to the Plaintiff. Rather, this exhibits shows that the Plaintiff received treatment by an orthopaedic surgeon in November, 2003, that an MRI was done in May, 2004, and that the surgeon again evaluated Plaintiff in June, 2004. Based, on the exam of Plaintiff and the

diagnostic test, the surgeon opined that the Plaintiff did not need surgery on his knee.  A non-operative treatment plan for Plaintiff was ordered.  The Plaintiff appears to disagree with the surgeon's conclusion that surgery was not the proper treatment plan for him, and Plaintiff claims that despite the surgeon's opinion, the warden should have acted to ensure Plaintiff had surgery.

Mere disagreement as to the proper medical treatment does not support a claim of an Eighth Amendment violation.  *Monmouth County Correctional Institution Inmates v. Lensaro*, 834 F.2d 326 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988); *see also Durmer v. O'Carroll*, 991 F. 2d 64, 67 (3d Cir. 1993) ('[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation.")  As such, "[a] distinction must be made between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment."  *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988) *citing United States ex. rel. Walker v. Fayette County*, 549 F.2d 573, 575 n.2 (3d Cir. 1979).  Here, Plaintiff's own exhibit shows that he received treatment, including treatment by a specialist, for his left knee, but he contests the finding that surgery was not indicated.

**III. Recommendation.**

Based on the above, we conclude that the Plaintiff has failed again to state a claim with respect to Defendant Troy Williamson, Warden.  We therefore respectfully recommend that this Defendant be dismissed pursuant to 28 U.S.C. § §1915(e)(2)(B)(ii).  We recommend that P.A. Holtzapple be substituted as a Defendant in place of Defendant Bennett and that Defendant Bennett be dismissed. We also recommend that, as to the remaining Defendants, Laino and

Holtzapple, and the Eighth Amendment denial of medical care claim, the Plaintiff's case be remanded to the undersigned for further proceedings.[4]

                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: May 2, 2005**

---

[4]Upon remand, we shall grant Plaintiff's application for *in forma pauperis* (Doc. 2) and we shall have both of the Plaintiff's pleadings, Docs. 1 & 13, served on the remaining Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDGAR GUZMAN, | : | CIVIL ACTION NO. **1:CV-04-2527** |
| Plaintiff | : | |
| | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| P. A. LAINO, et al., | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 2, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *Defendant novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: May 2, 2005**